UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>9mm machinegun manufactured by Parabellum Combat Systems/ Silver Bullet Gun Works (Trigger pack), Model PCS-9, Serial No. 50799;<br>9mm machinegun manufactured by Group Industries/ Silver Bullet Gun Works (bolt), Model UZI, Serial No. 790111; 9mm machinegun manufactured by Glock/ Silver Bullet Gun Works, Model 19, Serial No. YDE825;<br>.223 caliber machinegun manufactured by Heckler & Koch / Silver Bullet Gun Works, Model MP5, Serial No. 009;<br>.223 caliber machinegun manufactured by Heckler & Koch/ Silver Bullet Gun Works, Model HK93, Serial No. 507;<br>9mm machinegun manufactured by Silver Bullet Gun Works, Model PPSH-41, Serial No. 417;<br>9mm machinegun manufactured by MK Arms/ Silver Bullet Gun Works, Model MK760, Serial No. C0067;<br>7.62 caliber machinegun manufactured by Silver Bullet Gun Works, Model AK-47, Serial No. 013118;<br>7.62 caliber machinegun manufactured by Silver Bullet Gun Works, Model KRINKOV, Serial No. KL507;<br>.223 caliber machinegun manufactured by Bushmaster/ Silver Bullet Gun Works, Model XM15E2S, Serial No. L420020; | Case No. 3:19-CV-00496-LRH-CLB<br><br>ORDER |

7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model RPD, Serial No. 0218;
8mm machinegun manufactured by William D Bowman Law Enforcement Technology/LET, Model MADSEN1904, Serial No. 523;
.45 caliber machinegun manufactured by William D Bowman Law Enforcement Technology/LET, Model M1A1, Serial No. 1002;
.308 caliber machinegun manufactured by Leonard, Benny W; Benny Leonard, Model MG42, Serial No. 1924;
8mm machinegun manufactured by Jaco Sales Co. LLC, Model MG34, Serial No. 8904;
5.56 caliber machinegun manufactured by Jaco Sales Co. LLC, Model MARCK15, Serial No. 30090;
9mm machinegun manufactured by Silver Bullet Gun Works, Model SIG MPX, Serial No. 103117; .308 caliber machinegun manufactured by Jaco Sales Co. LLC, Model L1A1SPORTER, Serial No. 124852;
.223 caliber machinegun manufactured by D.S. Arms Inc., Model M249, Serial No. SAW007;
5.45 caliber machinegun manufactured by Jaco Sales Co. LLC, Model AUSA, Serial No. AA5597;
7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model AUSA, Serial No. AA5654;
7.62 caliber machinegun manufactured by SAS Products, Model PKM, Serial No. BE412;
9mm machinegun manufactured by Jaco Sales Co. LLC, Model M31SA, Serial No. H002448;
9mm machinegun manufactured by Jaco Sales Co. LLC, Model NDS1948, Serial No. IDF0502;
.30 caliber machinegun manufactured by Jaco Sales Co. LLC, Model M2, Serial No. J7001;
7.62 caliber machinegun manufactured by JCD Tactical Law Enforcement Sales, Model 1919A4, Serial No. JCDA4-001;
9mm machinegun manufactured by Jaco Sales Co. LLC, Model M45, Serial No. K1308;
7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model M60, Serial No. M1302;
7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model MAG58, Serial No. MAG1131;

2

|   |   |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model DP28, Serial No. SMG10-DP041;<br>.303 caliber machinegun manufactured by Jaco Sales Co. LLC, Model BRENMK1, Serial No. SMG12-028;<br>9mm machinegun manufactured by Jaco Sales Co. LLC, Model STERLINGSPO, Serial No. WLA210-C04185; and<br>7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model PPS43C, Serial No. KT01312P,<br><br>                                              Defendants. |

This civil forfeiture case is before the Court on a Motion for Default Judgment of Forfeiture and Final Judgment by the United States ("the government") for the forfeiture against the interest of Tina Clare, Michael Clare, and all persons or entities who may claim interest in: the 9mm machinegun manufactured by Parabellum Combat Systems/ Silver Bullet Gun Works (Trigger pack), Model PCS-9, Serial No. 50799; 9mm machinegun manufactured by Group Industries/ Silver Bullet Gun Works (bolt), Model UZI, Serial No. 790111; 9mm machinegun manufactured by Glock/ Silver Bullet Gun Works, Model 19, Serial No. YDE825; .223 caliber machinegun manufactured by Heckler & Koch / Silver Bullet Gun Works, Model MP5, Serial No. 009; .223 caliber machinegun manufactured by Heckler & Koch/ Silver Bullet Gun Works, Model HK93, Serial No. 507; 9mm machinegun manufactured by Silver Bullet Gun Works, Model PPSH-41, Serial No. 417; 9mm machinegun manufactured by MK Arms/ Silver Bullet Gun Works, Model MK760, Serial No. C0067; 7.62 caliber machinegun manufactured by Silver Bullet Gun Works, Model AK-47, Serial No. 013118; 7.62 caliber machinegun manufactured by Silver Bullet Gun Works, Model KRINKOV, Serial No. KL507; .223 caliber machinegun manufactured by Bushmaster/ Silver Bullet Gun Works, Model XM15E2S, Serial No. L420020; 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model RPD, Serial No. 0218; 8mm machinegun manufactured by William D Bowman Law Enforcement Technology/LET, Model MADSEN1904, Serial No. 523; .45 caliber machinegun manufactured by William D Bowman Law Enforcement Technology/LET, Model M1A1, Serial No. 1002; .308 caliber machinegun manufactured by Leonard, Benny W; Benny Leonard, Model MG42, Serial No. 1924; 8mm

3

machinegun manufactured by Jaco Sales Co. LLC, Model MG34, Serial No. 8904; 5.56 caliber machinegun manufactured by Jaco Sales Co. LLC, Model MARCK15, Serial No. 30090; 9mm machinegun manufactured by Silver Bullet Gun Works, Model SIG MPX, Serial No. 103117; .308 caliber machinegun manufactured by Jaco Sales Co. LLC, Model L1A1SPORTER, Serial No. 124852; .223 caliber machinegun manufactured by D.S. Arms Inc., Model M249, Serial No. SAW007; 5.45 caliber machinegun manufactured by Jaco Sales Co. LLC, Model AUSA, Serial No. AA5597; 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model AUSA, Serial No. AA5654; 7.62 caliber machinegun manufactured by SAS Products, Model PKM, Serial No. BE412; 9mm machinegun manufactured by Jaco Sales Co. LLC, Model M31SA, Serial No. H002448; 9mm machinegun manufactured by Jaco Sales Co. LLC, Model NDS1948, Serial No. IDF0502; .30 caliber machinegun manufactured by Jaco Sales Co. LLC, Model M2, Serial No. J7001; 7.62 caliber machinegun manufactured by JCD Tactical Law Enforcement Sales, Model 1919A4, Serial No. JCDA4-001; 9mm machinegun manufactured by Jaco Sales Co. LLC, Model M45, Serial No. K1308; 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model M60, Serial No. M1302; 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model MAG58, Serial No. MAG1131; 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model DP28, Serial No. SMG10-DP041; .303 caliber machinegun manufactured by Jaco Sales Co. LLC, Model BRENMK1, Serial No. SMG12-028; 9mm machinegun manufactured by Jaco Sales Co. LLC, Model STERLINGSPO, Serial No. WLA210-C04185; and 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model PPS43C, Serial No. KT01312P (all of which constitutes defendant property), for entry of a final judgment of forfeiture against the defendant property in the above-entitled action and vesting in the United States all possessory rights, all ownership rights, and all rights, titles, and interests in the defendant property. As discussed below, this Court will grant the government's motion for default forfeiture.

### I. Factual Background and Procedural History

The Gun Control Act ("GCA"), 18 U.S.C. § 921(a)(23), and the National Firearms Act ("NFA"), 26 U.S.C. § 5845(b), provide the following definition for the term "machinegun":

> "[M]achinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

The GCA provides that "it shall be unlawful for any person to transfer or possess a machinegun." 18 U.S.C. § 922(o)(1). The law exempts from that proscription any "possession. . . under the authority of, the United States or any department or agency thereof." 18 U.S.C. § 922(o)(2)(A). The GCA and Code of Federal Regulations require any person wishing to manufacture or deal in firearms (including machineguns) to obtain and maintain a Federal Firearms License ("FFL") from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). 18 U.S.C. § 923(a); 27 C.F.R. §§ 478.41(a), 44(a). FFL holders are required to "execute and file with ATF prior to the expiration of [a] license an application for a license renewal. . .in accordance with the instructions on the form, and the required fee." 27 C.F.R. § 478.45. If a licensee has failed to renew an FFL, the person must file a new FFL application and obtain a new license to continue to legally engage in the business of dealing and manufacturing firearms. 27 C.F.R. § 478.44(a)(1).

The GCA makes it unlawful for any person to "engage in the business of. . .manufacturing or dealing in firearms" unless the person is a "licensed manufacturer or licensed dealer." 18 U.S.C. § 922(a)(1)(A). The GCA defines "licensed manufacturer" and "licensed dealer," respectively, as any manufacturer or dealer "who is licensed under the provisions of" the GCA. 18 U.S.C. § 921(a)(10)-(11). The GCA subjects to forfeiture any firearm involved in a willful violation of the GCA or the regulations promulgated under the GCA. 18 U.S.C. § 924(d)(1).

The NFA requires that any manufacturer or dealer of a machinegun pay an annual special occupational tax ("SOT") on or before July 1 of each year. 26 U.S.C. § 5801(a). Failure to pay the SOT can result in fines, financial penalties, and criminal liability. 26 U.S.C. §§ 5871, 6601, 6651; 27 C.F.R. § 479.48. The NFA prohibits any person from "engaging in business" as a covered firearms manufacturer or dealer "without having paid" the SOT. 26 U.S.C. § 5861(a). An individual who engages in such conduct may be fined and/or incarcerated. 26 U.S.C. § 5871. The

NFA also subjects to forfeiture any firearm involved in a violation of a provision of the NFA. 26 U.S.C. § 5872(a).

On June 14, 2012, the ATF issued FFL number 9-88-031-07-8G-02687 to Tina Clare, Sole Proprietor ("TCSP"). (ECF No. 1 at 9). Tina Clare was also associated with three additional FFLs: Tina Clare Enterprises LLC ("TCE") (9-88-031-07-0F-04244), Silver Bullet Gun Works ("SBGW") (9-88-031-07-9E-04638), and Big Shot Indoor Range LLC ("BSIR") (9-88-031-07-0L-04949). (*Id.*) All four FFLs were manufacturing-and-dealing licenses. (*Id.*) From August 2014 to February 2018, TCSP filed numerous manufacturing and incoming transfer forms with the ATF for the following firearms: (1) 9mm machinegun manufactured by Parabellum Combat Systems/ Silver Bullet Gun Works (Trigger pack), Model PCS-9, Serial No. 50799, Form 2 on May 31, 2017; (2) 9mm machinegun manufactured by Group Industries/ Silver Bullet Gun Works (bolt), Model UZI, Serial No. 790111, Form 2 on May 31, 2017; (3) 9mm machinegun manufactured by Glock/ Silver Bullet Gun Works, Model 19, Serial No. YDE825, Form 2 on December 12, 2016; (4) .223 caliber machinegun manufactured by Heckler & Koch / Silver Bullet Gun Works, Model MP5, Serial No. 009, Form 2 on December 12, 2016; (5) .223 caliber machinegun manufactured by Heckler & Koch/ Silver Bullet Gun Works, Model HK93, Serial No. 507, Form 2 on July 6, 2017; (6) 9mm machinegun manufactured by Silver Bullet Gun Works, Model PPSH-41, Serial No. 417, Form 2 on July 6, 2017; (7) 9mm machinegun manufactured by MK Arms/ Silver Bullet Gun Works, Model MK760, Serial No. C0067, Form 2 on January 6, 2018; (8) 7.62 caliber machinegun manufactured by Silver Bullet Gun Works, Model AK47, Serial No. 013118, Form 2 on January 31, 2018; (9) 7.62 caliber machinegun manufactured by Silver Bullet Gun Works, Model KRINKOV, Serial No. KL507, Form 2 on June 15, 2017; (10) .223 caliber machinegun manufactured by Bushmaster/ Silver Bullet Gun Works, Model XM15E2S, Serial No. L420020, Form 2 on July 23, 2014; (11) 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model RPD, Serial No. 0218, Form 3 on July 1, 2014; (12) 8mm machinegun manufactured by William D Bowman Law Enforcement Technology/LET, Model MADSEN1904, Serial No. 523, Form 3 on August 31, 2014; (13) .45 caliber machinegun manufactured by William D Bowman Law Enforcement Technology/LET, Model M1A1, Serial No. 1002, Form 3 on January 24, 2015;

(14) .308 caliber machinegun manufactured by Leonard, Benny W; Benny Leonard, Model MG42, Serial No. 1924, Form 3 on September 28, 2014; (15) 8mm machinegun manufactured by Jaco Sales Co. LLC, Model MG34, Serial No. 8904, Form 3 on September 28, 2014; (16) 5.56 caliber machinegun manufactured by Jaco Sales Co. LLC, Model MARCK15, Serial No. 30090, Form 3 on December 2, 2014; (17) 9mm machinegun manufactured by Silver Bullet Gun Works, Model SIG MPX, Serial No. 103117, Form 3 on January 20, 2016; (18) .308 caliber machinegun manufactured by Jaco Sales Co. LLC, Model L1A1SPORTER, Serial No. 124852, Form 3 on September 28, 2014; (19) .223 caliber machinegun manufactured by D.S. Arms Inc., Model M249, Serial No. SAW007, Form 3 on September 28, 2014; (20) 5.45 caliber machinegun manufactured by Jaco Sales Co. LLC, Model AUSA, Serial No. AA5597, Form 3 on December 14, 2014; (21) 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model AUSA, Serial No. AA5654, Form 3 on January 14, 2015; (22) 7.62 caliber machinegun manufactured by SAS Products, Model PKM, Serial No. BE412, Form 3 on September 28, 2014; (23) 9mm machinegun manufactured by Jaco Sales Co. LLC, Model M31SA, Serial No. H002448, Form 3 on September 28, 2014; (24) 9mm machinegun manufactured by Jaco Sales Co. LLC, Model NDS1948, Serial No. IDF0502, Form 3 on September 28, 2014; (25) .30 caliber machinegun manufactured by Jaco Sales Co. LLC, Model M2, Serial No. J7001, Form 3 on September 14, 2014; (26) 7.62 caliber machinegun manufactured by JCD Tactical Law Enforcement Sales, Model 1919A4, Serial No. JCDA4-001, Form 3 on September 28, 2014; (27) 9mm machinegun manufactured by Jaco Sales Co. LLC, Model M45, Serial No. K1308, Form 3 on February 10, 2017; (28) 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model M60, Serial No. M1302, Form 3 on August 14, 2014; (29) 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model MAG58, Serial No. MAG1131, Form 3 on September 28, 2014; (30) 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model DP28, Serial No. SMG10-DP041, Form 3 on August 14, 2014; (31) .303 caliber machinegun manufactured by Jaco Sales Co. LLC, Model BRENMK1, Serial No. SMG12-028, Form 3 on September 28, 2014; (32) 9mm machinegun manufactured by Jaco Sales Co. LLC, Model STERLINGSPO, Serial No. WLA210-C04185, Form 3 on September 28, 2014; and (33) 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model PPS43C, Serial No.

KT01312P, Form 3 on January 29, 2015. (*Id.* at 10–13). All thirty-three items listed are considered "machineguns" as defined by the GCA and NFA and as registered by TCSP with ATF. (*Id.*) None of the thirty-three machineguns listed were transferred to or possessed by TCSP or its principals prior to May 19, 1986. (*Id.*)

TCSP renewed its FFL in 2015, which satisfied TCSP's FFL-renewal obligation through June 2018. (ECF No. 1 at 13). TCSP, however, has not renewed its FFL since 2015, and therefore TCSP's FFL expired on July 1, 2018. (*Id.*). The government alleges that because of her past conduct, Tina Clare, as a responsible party for TCSP, knew or had reason to know that TCSP needed to renew its FFL every three years to continue to manufacture or deal in firearms, including the thirty-three machineguns listed above. (*Id.*) Between 2014 and 2017, TCSP paid its annual SOT, with its last payment occurring in July 2017. (ECF No. 1 at 13). The July 2017 SOT payment covered its obligations through June 2018; however, with no other payments made after July 2017, all thirty-three machineguns held by TCSP became contraband on July 1, 2018. (*Id.*)

In December 2018, ATF obtained information that SBGW had allegedly moved to a new business premise without updating its FFL. (ECF No. 1 at 14). In January 2019, ATF confirmed that SBGW was not operating from its licensed location, which lead to an investigation revealing that the FFL of TCSP had expired and that fifty-two NFA firearms were registered to that FFL. (*Id.*) On March 6, 2019, ATF personnel arrived at SBGW and BSIR (which shared an address), where a special agent identified thirty-three machineguns held under TCSP's expired FFL and were on the premise for rental at BSIR. (*Id.*). ATF seized the machineguns because TCSP's FFL had not been renewed since 2015 and the SOT had not been paid since 2017. (*Id.*). Tina Clare was on premise when ATF seized the machineguns, and she acknowledged that she did not timely submit the FFL renewal for TCSP. (*Id.*)

The government asserts that at the time of seizure, Tina Clare, individually and through her FFL entities, possessed the machineguns and was engaged in the business of manufacturing and dealing in those machineguns. (ECF No. 1 at 14). It points to the following facts to support its assertion: (1) TCSP filed Form 2s for the manufacture of items 1-10, variously, between 2014 and 2018; (2) machineguns, registered to TCSP, were actively being displayed behind the counter of,

8

and rented for use at, BSIR, which held an FFL also associated with Tina Clare, and (3) Tina Clare—based on the submissions made with her administrative claim—intended and took initial steps to transfer machineguns from TCSP to SBGW. (*Id.*)

On May 1, 2019, ATF sent Tina Clare a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings, which initiated forfeiture proceedings within 120 days of the seizure. (ECF No. 1 at 15). When filing her administrative claim on May 18, 2019, Tina Clare attached ATF Form 3 Applications, dated November 26, 2018, to transfer all the machineguns other than Serial Numbers KL507 (item 9) and K1308 (item 27) from TCSP to SBGW. The government claims that ATF has no record of receiving and did not approve the Form 3s. (*Id.*). Additionally, the government contends that ATF would not have approved of those Form 3s because they would have been submitted after July 1, 2018, which was when the machineguns became contraband. (*Id.* at 12). The thirty-three machineguns are the entirety of the defendant property. (*Id.*)

The government brought this civil forfeiture action on August 15, 2019, asserting that the defendant property: (1) are firearms or ammunition involved in or used in any willful violation of the GCA and any rule or regulation promulgated thereunder, here a violation of 18 U.S.C. § 922(o) and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), and (2) are firearms involved in any violation of the provisions of the NFA, here a violation of 26 U.S.C. §§ 5801(a), 5861(a), and 5871, and is subject to forfeiture to the United States pursuant to 26 U.S.C. § 5872(a). (ECF No. 1 at 15). On August 23, 2019, the Court entered an Order for Summonses and Warrants of Arrest in Rem for the Property and Notice (ECF No. 3), and the Clerk issued the Summonses and Warrants of Arrest in Rem (ECF No. 4). Pursuant to the order, the following documents were served on the defendant property and all persons or entities who may claim an interest in the defendant property: the complaint (ECF No. 1), the order (ECF No. 3), the summonses and warrants (ECF No. 4), and the Notice of Complaint for Forfeiture. (ECF No. 10 at 12) Notice was published according to law. (*Id.*)

Pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(5), all persons interested in the defendant property were required to: (1) file a verified

claim, setting forth the person's interest in the property that (a) identified the specific property claimed, (b) identified the claimant and stated the claimant's interest in the property, and (c) was signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court no later than 21 days after filing the verified claim, and (4) serve a copy of the verified claim and the answer at the time of each filing on James A. Blum, Assistant United States Attorney, 501 Las Vegas Boulevard South, Suite 1100, Las Vegas, Nevada 89101. (ECF No. 10 at 12–13).

On September 18, 2019, the United States Attorney's Office served the complaint, the Order for Summonses and Warrants of Arrest in Rem for the Property and Notice, the Summonses and Warrants of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Tina Clare by certified return receipt mail and regular mail. (ECF No. 10 at 14). The certified mail was returned, but the regular mail was not. (*Id.*) Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from September 19 through October 18, 2019. (*Id.* at 13).

On December 10, 2019, ATF served the Complaint, the Order for Summonses and Warrants of Arrest in Rem for the Property and Notice, the Summonses and Warrants of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest by executing them on the defendant property. (ECF No. 10 at 13). On January 21, 2020, the United States filed a motion for entry of clerk's default against the defendant property, Tina Clare, Michael Clare, and all persons or entities who may claim an interest in the defendant property. (*Id.* at 14). On January 22, the Clerk of the Court entered default. (*Id.*) Neither Tina Clare nor Michael Clare are minors or incompetent persons and are not in the military service purview of the Servicemen's Civil Relief Act of 2003. (*Id.*) No person or entity has filed a claim, answer, or responsive pleading with the time permitted by 18 U.S.C. § 983(a)(4) and Federal Rule of Civil Procedure Supplement Rule G(4) and (5).

## II. Legal Standard

Civil forfeiture cases have five requirements that must be satisfied to complete a default: (1) the judgment sought does not differ in kind from, or exceed in amount, what is demanded in the pleadings pursuant to Fed. R. Civ. P. 54(c); (2) the Clerk of the Court has entered default for a sum certain pursuant to Fed. R. Civ. P. 55(b)(1); (3) publication and personal service were completed pursuant to Fed. R. Civ. P. Supp. Rule G(4); (4) the complaint is legally sufficient to support a reasonable belief that the government will be able to meet its burden of proof pursuant to Fed. R. Civ. P. Supp. Rule G(2), *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), and (5) no person has filed a claim or the claim(s) have been resolved under 18 U.S.C. § 983(a)(4)(A) or Fed. R. Civ. P. Supp. Rule G(5). *United States v. $16,000.00 in United States Currency*, No. 3:19-CV-319-MMD-WGC, 2020 WL 1436986, at *4 (D. Nev. Mar. 24, 2020).

For civil cases that do not directly address forfeiture, there are seven factors that the court must consider before entry of default:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *SATA GmbH & Co. KG v. USA Italco Int'l Ltd.*, No. 3:18-CV-00351-MMDWGC, 2019 WL 4601513, at 3 (D. Nev. Sept. 20, 2019). For purposes of a default judgment, the well-pleaded allegations of the complaint are taken as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987Furthermore, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

///

///

///

///

///

### III. Discussion

### A. Forfeiture Requirements for Default

#### 1. Judgment Sought

Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from or exceed [the] amount" of relief listed in the complaint for forfeiture. (ECF No. 1 at 16).

#### 2. Default and Entry of Default

As shown above, the United States requested entry of Clerk's Default against the defendant property in the above-entitled action, Tina Clare, Michael Clare, and all persons or entities who may claim an interest in the defendant property in the above-entitled action. (ECF No. 8 at 3). The Clerk of Court entered default as requested. (ECF No. 9 at 1).

#### 3. Notice

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days from September 19 through October 18, 2019. (ECF No. 5 at 3). Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the complaint, the Order for Summonses and Warrants of Arrest in Rem for the Property and Notice, the Summonses and Warrants of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. (ECF No. 7).

#### 4. Legal Sufficiency of the Complaint

The complaint filed in this action was verified. (ECF No. 1 at 17). The Court has subject matter jurisdiction under 19 U.S.C. §§ 1603, 1608, and 1610; Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Fed. R. Civ. P. Supp. Rule) C, E, and G; 18 U.S.C. §§ 924(d) and 983; 26 U.S.C. § 5872(a); and 28 U.S.C. §§ 1345, 1355, and 1395 because (1) the United States of America commenced this civil in rem action; (2) the acts and omissions giving rise to this forfeiture occurred in this judicial district; (3) the forfeiture proceeding accrues in this judicial district, and (4) the defendant property was found in this judicial district. (ECF No. 1 at 3).

The Court has in rem jurisdiction over the defendant property because the court has signed an Order for Summonses and Warrants of Arrest in Rem for the defendant property and the Clerk of the Court issued Summonses and Warrants of Arrest in Rem for the defendant property (ECF Nos. 3, 4). *See United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1149 (9th Cir. 2011) ("Civil forfeiture is an *in rem* proceeding against the *res*, on the legal fiction that the property itself is 'guilty.'"). Venue is proper pursuant to 28 U.S.C. § 1395 and Supplemental Rules G(1) and C(2)(c) because (1) the defendant property was initially found in this judicial district and (2) the defendant property remains in this judicial district. (ECF No. 1 at 3).

### 5. Status of Potential Claimants

No person or entity has filed a claim, and the time to file a claim has passed. Therefore, each of the five civil forfeiture requirements have been met.

### B. Civil Requirements for Default

### 1. Prejudice to the Plaintiff

The government would be prejudiced if it were to try this case rather than obtain a default judgment because a trial would require the additional expenditure of human and financial resources. These expenses and efforts are unnecessary here because the complaint provided sufficient evidence of the status and forfeitability of the property, and that evidence is uncontested by Tina Clare and Michael Clare. *See United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV-01014-JAD, 2014 WL 6065815, at *2 (D. Nev. Nov. 10, 2014), ("[T]he government would be prejudiced by having to expend additional resources litigating an action that appears to be uncontested. This factor favors default judgment.").

### 2. Sufficiency of the Claims and Complaint

As shown in the statement of the case above, the government has a clear case against the property, with the government's complaint sufficiently relating the facts of the case.

### 3. Money at Stake

The value of the property at stake is $100 per machinegun for a total of $3,300, as alleged in the complaint (ECF No. 1 at 7), and the property is forfeitable pursuant to 18 U.S.C. § 924(d)(1) and 26 U.S.C. § 5872(a). The government's complaint alleges the serious crime of use or

involvement of any firearm or ammunition in any willful violation of the Gun Control Act, and the involvement of any firearm in any violation of the National Firearms Act. (ECF No. 10 at 17).

### 4. Disputes of Material Fact

"Upon entry of default, all well-pleaded facts in the complaint are taken as true." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). Default has been entered in this case, meaning that the alleged facts are not in dispute and the allegations of the complaint are established as a matter of law.

### 5. Excusable Neglect

The record shows that the claimants were properly served with the complaint, order, summonses and warrants, and the notice, but they failed to file a claim and answer to the complaint. (ECF No. 5 at 3). There is no evidence of any possible excusable neglect. *See United States v. $73,982 in U.S. Currency*, No. 3:12-CV-00363-LRH-WGC, 2013 WL 6844802 (D. Nev. Dec. 19, 2013) (finding that default judgment is favored when the government provides adequate service and notice to parties who have an interest in the defendant property and there is no evidence of excusable neglect.).

### 6. Public Policy

While cases "should be decided on their merits whenever reasonably possible," the presence of Federal Rule of Civil Procedure 55(b) demonstrates that default judgments are permissible. *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1473 (9th Cir. 1986)). Here, the potential claimants did not file a claim or an answer to the government's complaint, which makes a decision on the merits impractical. *Id*. Therefore, a final default judgment of forfeiture is appropriate.

Based on the foregoing, the Court finds that the United States has shown its entitlement to an order of default judgment as to Tina Clare, Michael Clare, and all persons or entities who may claim an interest in the defendant property and Final Judgment as to the 9mm machinegun manufactured by Parabellum Combat Systems/ Silver Bullet Gun Works (Trigger pack), Model PCS-9, Serial No. 50799; 9mm machinegun manufactured by Group Industries/ Silver Bullet Gun Works (bolt), Model UZI, Serial No. 790111; 9mm machinegun manufactured by Glock/ Silver

Bullet Gun Works, Model 19, Serial No. YDE825; .223 caliber machinegun manufactured by Heckler & Koch / Silver Bullet Gun Works, Model MP5, Serial No. 009; .223 caliber machinegun manufactured by Heckler & Koch/ Silver Bullet Gun Works, Model HK93, Serial No. 507; 9mm machinegun manufactured by Silver Bullet Gun Works, Model PPSH-41, Serial No. 417; 9mm machinegun manufactured by MK Arms/ Silver Bullet Gun Works, Model MK760, Serial No. C0067; 7.62 caliber machinegun manufactured by Silver Bullet Gun Works, Model AK-47, Serial No. 013118; 7.62 caliber machinegun manufactured by Silver Bullet Gun Works, Model KRINKOV, Serial No. KL507; .223 caliber machinegun manufactured by Bushmaster/ Silver Bullet Gun Works, Model XM15E2S, Serial No. L420020; 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model RPD, Serial No. 0218; 8mm machinegun manufactured by William D Bowman Law Enforcement Technology/LET, Model MADSEN1904, Serial No. 523; .45 caliber machinegun manufactured by William D Bowman Law Enforcement Technology/LET, Model M1A1, Serial No. 1002; .308 caliber machinegun manufactured by Leonard, Benny W; Benny Leonard, Model MG42, Serial No. 1924; 8mm machinegun manufactured by Jaco Sales Co. LLC, Model MG34, Serial No. 8904; 5.56 caliber machinegun manufactured by Jaco Sales Co. LLC, Model MARCK15, Serial No. 30090; 9mm machinegun manufactured by Silver Bullet Gun Works, Model SIG MPX, Serial No. 103117; .308 caliber machinegun manufactured by Jaco Sales Co. LLC, Model L1A1SPORTER, Serial No. 124852; .223 caliber machinegun manufactured by D.S. Arms Inc., Model M249, Serial No. SAW007; 5.45 caliber machinegun manufactured by Jaco Sales Co. LLC, Model AUSA, Serial No. AA5597; 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model AUSA, Serial No. AA5654; 7.62 caliber machinegun manufactured by SAS Products, Model PKM, Serial No. BE412; 9mm machinegun manufactured by Jaco Sales Co. LLC, Model M31SA, Serial No. H002448; 9mm machinegun manufactured by Jaco Sales Co. LLC, Model NDS1948, Serial No. IDF0502; .30 caliber machinegun manufactured by Jaco Sales Co. LLC, Model M2, Serial No. J7001; 7.62 caliber machinegun manufactured by JCD Tactical Law Enforcement Sales, Model 1919A4, Serial No. JCDA4-001; 9mm machinegun manufactured by Jaco Sales Co. LLC, Model M45, Serial No. K1308; 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model M60, Serial No. M1302; 7.62 caliber machinegun

manufactured by Jaco Sales Co. LLC, Model MAG58, Serial No. MAG1131; 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model DP28, Serial No. SMG10-DP041; .303 caliber machinegun manufactured by Jaco Sales Co. LLC, Model BRENMK1, Serial No. SMG12-028; 9mm machinegun manufactured by Jaco Sales Co. LLC, Model STERLINGSPO, Serial No. WLA210-C04185; and 7.62 caliber machinegun manufactured by Jaco Sales Co. LLC, Model PPS43C, Serial No. KT01312P.

## IV. Conclusion

IT IS THEREFORE ORDERED that party's motion for default judgment of forfeiture and for final judgment of forfeiture (ECF No. 10) is **GRANTED.** The Clerk of Court is directed to enter judgment in favor of the United States.

IT IS SO ORDERED.

DATED this 9th day of July, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE